Joseph J. Brown v. Commissioner.
Brown v. Commissioner
Docket No. 17008.
United States Tax Court
1949 Tax Ct. Memo LEXIS 146; 8 T.C.M. (CCH) 601; T.C.M. (RIA) 49154; June 23, 1949
*146 D. Alexander Wieland, Esq., Land Title Bldg., Philadelphia, Pa., for the petitioner. John A. Newton, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $3,046.58 in income tax for the calendar year 1944. The petitioner assigns as error the action of the Commissioner "in disallowing as a deduction any part of the casualty loss of $42,778.95 sustained by petitioner." Findings of Fact The petitioner filed his individual return for 1944 with the collector of internal revenue for the first district of Pennsylvania. The petitioner, in 1925, purchased property consisting of about 85 acres in Whitemarsh, Montgomery County, Pennsylvania, not far from Philadelphia. The property was improved with a large dwelling and, separate therefrom, an 8-car garage with an apartment on the second floor. There were other buildings on the property. The petitioner had more than $100,000 invested in the property. The petitioner planted over 10,000 trees on a portion of the property near the house to develop and beautify it. He built an open-sided summer house and two grass tennis courts. He landscaped them with bushes *147 and shrubs. A fire started on September 7, 1944, in the grass on the property of the Philadelphia Cricket Club along the right of way of the Pennsylvania Railroad near the petitioner's property. This fire swept into the petitioner's property, burned fences, the summer house, many trees, shrubs and bushes and was stopped, after considerable difficulty, within a short distance of the petitioner's residence. It continued in another direction, burning other trees and shrubs as it went along. A second fire on the petitioner's property started about a week later, destroying many of a double row of white pine trees which the petitioner had planted. About 900 trees and shrubs and from 20 to 25 rose bushes were destroyed by the fires. The trees were from 15 to 30 feet high and the shrubs were from 5 to 18 feet high. These fires badly damaged the petitioner's property. It was claimed that the first fire was due to the negligence of the Pennsylvania Railroad and the latter, in negotiations with the petitioner, paid the petitioner $10,000 in settlement. The petitioner was not compensated by insurance, or otherwise, for the damage to his property except for the $10,000. The fair market value *148 of the petitioner's property immediately after the fires was $23,000 less than its value immediately before the fires. The petitioner on his return for 1944 claimed a deduction for loss from fire in the amount of $42,778.95. Opinion MURDOCK, Judge: The Commissioner concedes that the petitioner had a loss from fire of the type which would be deductible under section 23 (e) (3), but he claims that the loss did not exceed the $10,000 which the petitioner received from the Pennsylvania Railroad. Two separate fires occurred, one on September 7, 1944 and the other about a week later. No liability of the Pennsylvania Railroad for the second fire was ever established and the amount which it paid had no relation to that fire. The evidence indicates that the petitioner had planted most of this shrubbery a number of years before the fire, it had grown to the point where it was too crowded and it could have been adequately replaced by the planting of fewer trees and shrubs at a cost of something less than $60,000. A question of fact is presented - what was the amount of petitioner's loss from the two fires? The petitioner claims that his loss was at least $23,100 and since he received only *149 $10,000 to compensate him, he is entitled to a deduction of $13,100. He produced an expert on real estate in the vicinity of his home who came to the conclusion that the difference in value of the petitioner's property before and after the fire was $23,100. Other evidence was introduced, including photographs of the property. The respondent offered the testimony of another real estate agent who had been employed by the Pennsylvania Railroad in connection with the settlement of the claim. He gave his opinion of the value of the property before and after the fire. The Court has taken all of the evidence in the case into consideration and has come to the conclusion that the petitioner's loss was $23,000 and since he received compensation of $10,000, he is entitled to a deduction under section 23 (e) (3) of $13,000. A copy of the notice of deficiency was not attached to the petition and the Court does not know what the Commissioner did. However, his brief would indicate that he did not allow any deduction. Decision will be entered under Rule 50.